IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEDRIC JAMAR DEAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:19-CV-895-WHA |
| | ) [WO] |
| DELORES WOODAM, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.  INTRODUCTION

This 42 U.S.C. § 1983 action is pending before the court on a complaint by Dedric Dean, an inmate confined at the Dale County Jail in Ozark, Alabama. Dean names as defendants Delores Woodam, Circuit Court Clerk for Dale County, and Ozark police officers Evert Evans, Michael Bryan, and Michael Chadwick. Dean challenges the actions of Defendant Woodam who he complains signed a complaint and warrant for his arrest. Dean further complains Defendants Evans, Bryan, and Chadwick used force against him causing injuries to his wrist. For relief, Dean requests damages against Defendants in their individual and official capacities and an investigation of court records. Doc. 1.

Upon review, the court concludes that dismissal of the complaint against Defendant Woodham prior to service of process is appropriate under 28 U.S.C. § 1915A(b)(1).

### II.  STANDARD OF REVIEW

The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against government officers or employees as early as possible in the litigation. The court must dismiss the complaint or any portion thereof that it finds

frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or which states no claim upon which relief can be granted. 28 U.S.C. §1915A(b)(1) & (2). The court may *sua sponte* dismiss a prisoner's complaint prior to service. *See* 28 U.S.C. § 1915A(a).

Under § 1915A(b)(1) the court may dismiss a claim as "frivolous where it lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A claim is frivolous as a matter of law where the defendants are immune from suit, *id.* at 327, the claim seeks to enforce a right that clearly does not exist, *id.*, or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990). Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

The court may dismiss a complaint, or any portion thereof, under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Dismissal under § 1915A(b)(1) may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim

to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. When a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, they "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### III. DISCUSSION

On August 19, 2019, Woodham signed a complaint and warrant for Dean's arrest. In doing so, Dean maintains Woodham acted beyond the scope of her duties. Dean asserts that under Rule 24, *Alabama Rules of Criminal Procedure*, a complaint must be sworn before a judge or magistrate, not a circuit court clerk. Doc. 1 at 4–5.

Dean's claim that Woodham violated his constitutional rights by signing a complaint and warrant for his arrest entitles him to no relief. Initially, the court notes Dean's assertion against Woodham is not a valid statement of law. State court clerk office employees can and do regularly issue warrants. Under Alabama law, state court circuit clerks have the authority to "sign and issue all summons, subpoenas, writs, executions, and other processes, under the authority of the court."

Ala. Code § 12-17-94(a)(1) (1975), as amended. Woodham's official action in signing the complaint and warrant is part of her duties as a circuit court clerk. "Judges have absolute immunity from civil actions for the performance of judicial acts as long as they are not done in the clear absence of jurisdiction." *See Jenkins v. Clerk of Court*, 150 F. App'x 988, 990 (11th Cir. 2005) (citing *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994)); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996). Thus, a state court judge is entitled to absolute immunity from damages for actions taken in his or her official capacity, even when their actions are allegedly erroneous or even malicious. *Stump v. Sparkman*, 435 U.S. 349 (1978); *Wuyisa v. City of Miami Beach*, 614 F. App'x 389, 391 (11th Cir. 2015) (citing *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)). This immunity extends to a state court clerk performing duties integrally related to the judicial process. *See Jenkins*, 150 F. App'x at 990; *see also In re Sandra Tubbs v. City of Greensboro*, 948 So.2d 540 (Ala. 2006) (holding that absolute judicial immunity extends to municipal court clerks or magistrates). A state court clerk's "issuance of a warrant would be a function normally performed by a judge" and is thus a "judicial act" entitling the clerk to absolute judicial immunity for that act. *Scott v. Dixon*, 720 F.2d 1542, 1547 (11th Cir. 1983). Finally, Dean's request for damages against Woodham in her official capacity is foreclosed by the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding in a damages action that neither a state nor its officials acting in their official capacities are "persons" subject to suit under section 1983). Alabama law specifically makes circuit court clerks' offices state agencies. Ala. Code § 12–17–80 (1975, as amended).

In light of the foregoing, Dean's claims against Defendant Woodham are due to be dismissed prior to service of process under 28 U.S.C. § 1915A(b)(1).

## VI. CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that:

1. Plaintiff's complaint against Defendant Carla Woodham be DISMISED with prejudice prior to service of process under 28 U.S.C. § 1915A(b)(1);

2. Defendant Woodham be TERMINATED as a party to the complaint; and

3. This case be referred to the undersigned for further proceedings.

It is further

ORDERED that on or before **January 27, 2020**, Plaintiff may file an objection to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 13th day of January 2020.

                                               /s/   Charles S. Coody
                                      CHARLES S. COODY
                                      UNITED STATES MAGISTRATE JUDGE